Xiao v. Lynch

BIA
Christensen, IJ
A200 236 662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT:
REENA RAGGI,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

QI FU XIAO,
        *Petitioner,*

        v.                                    15-402
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            Gerald Karikari, Law Offices of
                           Gerald Karikari, P.C., New York, New
                           York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Holly M.
                           Smith, Senior Litigation Counsel;

John F. Stanton, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Fu Xiao, a native and citizen of the People's Republic of China, seeks review of a January 14, 2015, decision of the BIA affirming an August 12, 2013, decision of an Immigration Judge ("IJ") denying Xiao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Fu Xiao,* No. A200 236 662 (B.I.A. Jan. 14, 2015), *aff'g* No. A200 236 662 (Immig. Ct. N.Y. City Aug. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Xiao's, governed by the REAL ID Act, the agency may, "[c]onsidering the

2

totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

The IJ reasonably relied on inconsistencies among Xiao's testimony, asylum application, and credible fear interview. Two of these inconsistencies are directly material to his allegation of past persecution, and alone are sufficient support for the adverse credibility determination. *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Xiao testified that several members of his church were arrested, but stated in his credible fear interview that he knew nothing about what happened to other members. He also submitted a letter from his church—dated after Xiao testified the church had been torn down—that omitted mention of any raid or arrests. *Xiu Xia Lin*, 534 F.3d at 166 n.3 (explaining that an inconsistency and an omission are "functionally equivalent"). The agency was not compelled to accept Xiao's explanations for these inconsistencies. *Majidi*

3

*v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Xiao's alleged nervousness does not explain why he gave incorrect statements about the circumstances surrounding his past harm, and the record of the credible fear interview reflects that he was not asked what he knew at the time of his arrest, but merely whether others were arrested. His explanation that his parents obtained the letter from his church does not resolve the problems with it; he did not explain why it omitted the raid and arrest or could be obtained after the church was torn down.

The adverse credibility determination was strengthened by two additional inconsistencies. First, Xiao stated in his credible fear interview that he was hospitalized for a week, but his application reported only outpatient treatment. The IJ was not required to accept his explanation that he misspoke. *Id*. Xiao also undermined his credibility by lying about his passport. Although Xiao admitted to the false statement, the IJ permissibly concluded that—even if he credited Xiao's explanation that the smuggler told him to lie—Xiao nevertheless continued to have a motive to lie: he owed money to the smuggler, and needed to stay in the country to pay him back. *Id.; see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

4

Given the alleged inconsistencies, both tangential and going to the heart of the alleged past persecution, the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5